UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OLD REPUBLIC SURETY COMPANY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: 1:23-cv-6626 |
| EMPIRE CONSTRUCTION COMPANY, HAMZEH ASSAF, and LUBNA KHAN, | ) ) ) ) |
| Defendants. | ) |

## COMPLAINT FOR INDEMNITY

Plaintiff, Old Republic Surety Company ("Old Republic"), by and through its attorneys, Dinsmore & Shohl, LLP, for its Complaint for Indemnity against Defendants, Empire Construction Company ("Empire"), Hamzeh Assaf ("Assaf"), and Lubna Khan ("Khan") (collectively, "Indemnitors"), alleges as follows:

### PARTIES

1. Old Republic is a Wisconsin corporation, organized and existing under the laws of the State of Wisconsin, with its principal place of business at 18500 West Corporate Drive, Suite 170, Brookfield, Wisconsin 53045. Therefore, Old Republic is a citizen of the State of Wisconsin.

2. Empire is an Illinois corporation, organized and existing under the laws of the State of Illinois, with its principal place of business located at 214 West Ohio Street, Fourth Floor, Chicago, Illinois 60654. Therefore, Empire is a citizen of the State of Illinois.

3. Assaf is domiciled at 720 North Willard Ct., Unit 2, Chicago, Illinois. Therefore, Assaf is a citizen of the State of Illinois.

4. Khan is domiciled at 720 North Willard Ct., Unit 2, Chicago, Illinois. Therefore, Khan is a citizen of the State of Illinois.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper under both 28 U.S.C. §§ 1391(b)(2) and (b)(1), because all of the Indemnitors reside in the Northern District of Illinois, and a substantial part of the events or omissions giving rise to this lawsuit occurred in the Northern District of Illinois.

## FACTS COMMON TO ALL COUNTS

**A.    The Bonds and the Indemnity Agreement**

7. For various construction projects (collectively, "Projects"), Old Republic, as surety, issued on behalf of its principal, Empire, the following Performance and Payment Bond Nos.: JCN7307928, JCN7446407, JCN7446435, JCN7307954, JCN7446425, JCN7446429, JCN7436861, JCN7307966, JCN7307957, JCN7446430, JCN7452056, JLI7436895, JCN7446434, JCN7446417, JCN7446413, JCN7446414, JCN7436906, JCN7436907, JCN5955312, and JCN7446428 (collectively, "Bonds").

8. In consideration for the Bonds, Old Republic required the Indemnitors to execute a General Agreement of Indemnity ("GIA"). A true and correct copy of the GIA is attached as Exhibit A.

9. Pursuant to the GIA, the Indemnitors agreed to indemnify and exonerate Old Republic from all losses and expenses in connection with the Bonds. *See* Exh. A.

10. Specifically, the Indemnitors "jointly and severally" agreed to:

> [C]ontinually indemnify and save [Old Republic] harmless from and against every claim, demand, loss, cost, charge, suit, judgment and expense, including attorney's fees, investigative costs, etc., which [Old Republic] may pay, sustain or incur in consequence of having executed or procured the execution of [the Bonds], or the failure of the Indemnitor[s], to perform or comply with the covenants and conditions of [the GIA] to enforce the right of [Old Republic] to any collateral taken specifically or otherwise, to enforce any and/or all obligations of the Indemnitor[s] under [the GIA], or to defend any action(s) against [Old Republic] arising out of the execution of [the Bonds] on behalf of [Empire] or [Old Republic's] exercise of any rights under [the GIA].

*Id*. at 1.

11. The GIA reiterates that this "[p]ayment shall be made by the Indemnitor[s] to [Old Republic] for 1. all loss, cost and expenses as soon as [Old Republic] becomes liable whether actually paid by [Old Republic] in whole, any part thereof, or not, and; 2. Interest on any payments made by [Old Republic] . . . from the date of payment by [Old Republic] until [Old Republic] is reimbursed by [the Indemnitors]." *Id*.

12. Pursuant to the GIA, Old Republic "shall have the exclusive right for itself, [Empire] and the other Indemnitors to determine whether any claim, demand, suit or judgment brought against [Empire] and/or [Old Republic] upon [the Bonds] shall on the basis of liability, expediency, or otherwise, be paid, settled, defended or appealed," and Old Republic's "determination shall be conclusive upon [Empire] and/or [the Indemnitors]." *Id*.

13. The Indemnitors further agreed that in the event Old Republic incurs any such losses, the Indemnitors will "accept the voucher or other evidence of such payment as prima facie evidence of the propriety thereof, and of the Indemnitor[s'] liability therefore to [Old Republic]." *Id*.

14. Finally, the GIA requires the Indemnitors to "furnish to [Old Republic] such information as it may request concerning the financial condition of the Indemnitor[s], the status

of work under any contract covered by [the Bonds], the condition of the performance of any such contract and the payment of obligations incurred in connection therewith," and therefore Old Republic has the right to "examine and copy the books, records and accounts of the Indemnitor[s]." *Id*. at 3. *Id*.

15. The Indemnitors all executed the GIA. *See id*. 4–5.

**C.  The Indemnitors Breach the GIA**

16. Empire has been declared in default and terminated from each of the Projects, and as a result of Empire's failure to fulfill its contractual obligations on the Projects, Old Republic has received claims under the Bonds (collectively, "Claims").

17. As a result of the Claims, Old Republic has incurred losses to complete the Projects and pay valid Claims. To date, Old Republic's losses total $790,029.86.

18. Old Republic will continue to incur such losses under the Bonds as a result of Empire's defaults, including to investigate and resolve the Claims, and to enforce the GIA.

19. Indemnitors have failed and/or refused to indemnify, exonerate, or hold Old Republic harmless from its losses, or to produce Empire's books and records for Old Republic's review.

20. Old Republic has complied with all obligations and conditions under the GIA, and is not in breach of the GIA.

**COUNT I – BREACH OF CONTRACT**

21. Old Republic realleges and incorporates the allegations in Paragraphs 1 through 20.

22. Old Republic issued the Bonds in consideration of the execution of the GIA, and the express promise to indemnify and hold Old Republic harmless for any and all losses associated with the Bonds.

23. The GIA is a valid and enforceable contract.

24. The GIA requires the Indemnitors to (a) indemnify and hold Old Republic harmless from any loss, cost, damage, and expense sustained or incurred arising out of the Bonds, and the costs and expenses, including investigative and attorneys' fees, incurred by Old Republic to enforce the terms of the GIA, and (b) produce Empire's books and records to allow Old Republic to evaluate the Claims.

25. Old Republic demanded that the Indemnitors fulfill these obligations.

26. Nonetheless, the Indemnitors have breached the GIA by failing and refusing to (a) indemnify and hold Old Republic harmless from any loss, cost, damage, and expenses sustained or to be sustained by Old Republic under the Bonds, and the costs and expenses, including investigative and attorneys' fees, incurred by Old Republic to enforce the terms of the GIA, and (b) produce Empire's books and records for Old Republic's review.

27. As a direct and proximate cause of the Indemnitors' breaches of the GIA, Old Republic has and will continue to incur losses in an amount to be proven at trial.

WHEREFORE, Plaintiff Old Republic Surety Company respectfully requests that this Court enter an Order:

 a. Finding that the Indemnitors have materially breached the GIA by failing to (a) exonerate, indemnify, and hold Old Republic harmless from its losses, and (b) produce Empire's books and records for Old Republic's review;

 b. Granting judgment in favor of Old Republic and against the Indemnitors, jointly and severally, for Old Republic's losses, in an amount to be proven at trial; and

 c. For such other relief as the Court deems equitable and just.

## COUNT II – SPECIFIC PERFORMANCE

28. Old Republic realleges and incorporates the allegations in Paragraphs 1 through 27.

29. Old Republic issued the Bonds in exchange for the Indemnitors' express promise in the GIA to indemnify and hold Old Republic harmless from all losses incurred associated with the Bonds, including all investigative and attorneys' fees, and to produce Empire's books and records for Old Republic's review.

30. Old Republic has requested that the Indemnitors fulfill these obligations.

31. Nonetheless, the Indemnitors have failed to do so.

32. Old Republic lacks an adequate remedy at law and will suffer irreparable harm if the relief sought Old Republic not granted.

33. Old Republic is entitled to specific performance of the GIA provisions that require the Indemnitors to indemnify and hold Old Republic harmless, and to produce Empire's books and records for Old Republic's review.

WHEREFORE, Plaintiff Old Republic Surety Company respectfully requests that this Court enter an Order:

a. Directing the Indemnitors to indemnify and exonerate Old Republic for all liabilities, losses, and expenses incurred by Old Republic as a result of the Bonds, and in enforcing the terms of the GIA, and to indemnify and hold Old Republic harmless for all future losses incurred;

b. Directing the Indemnitors to produce Empire's books and records for Old Republic's review; and

c. For such other relief as the Court deems equitable and just.

Date: August 31, 2023                    Respectfully submitted,

By: /s/ Michael J. Weber
    Michael J. Weber
    Brian J. Talcott
    DINSMORE & SHOHL LLP
    222 W. Adams Street, Suite 3400
    Chicago, IL 60606
    (312) 775-1742
    michael.weber@dinsmore.com
    brian.talcott@dinsmore.com

***Counsel for Old Republic Surety Company***